T.C. Memo. 2018-124

UNITED STATES TAX COURT

LUIS PALAFOX AND HILDA ARELLANO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9999-17.                    Filed August 7, 2018.

Luis Palafox and Hilda Arellano, pro sese.

<u>Emma S. Warner</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

THORNTON, <u>Judge</u>:  Respondent determined a $6,090 deficiency in

petitioners' 2014 Federal income tax as well as a $1,748 addition to tax for failure

[*2] to timely file a return under section 6651(a)(1) and a $1,218 accuracy-related penalty under section 6662(a).[1]

After concessions,[2] the sole issue for decision is whether respondent correctly determined that petitioners' 2014 tax liability should be increased by $6,090 of excess advance premium tax credits (APTC) that were applied against their monthly health insurance premiums during 2014.

FINDINGS OF FACT

The parties have stipulated most of the facts, which we incorporate by this reference. Petitioners, who are married, resided in California when they timely petitioned the Court.

During 2014 petitioners enrolled in a HealthNet HMO (HealthNet) medical insurance plan through Covered California, a health insurance exchange created under the Patient Protection and Affordable Care Act (ACA), Pub. L. No. 111-148, 124 Stat. 119 (2010). Petitioners opted to receive the benefit of APTCs of

[1]Unless otherwise indicated all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Monetary amounts are rounded to the nearest dollar.

[2]Respondent concedes that petitioners are not liable for the addition to tax for failure to timely file a return pursuant to sec. 6651(a)(1) or the accuracy-related penalty pursuant to sec. 6662(a).

[*3] $609 per month, which were applied against their $716 HealthNet monthly premiums, reducing their monthly out-of-pocket cost of their health insurance premium to $107.[3] Petitioners were enrolled in the HealthNet plan from February 1 through November 30, 2014, and received a total APTC benefit of $6,090 ($609 × 10 months) with respect to this coverage.[4]

During 2014 Mr. Palafox made payments of $25 per month pursuant to a chapter 13 bankruptcy plan.

On their 2014 Form 1040, U.S. Individual Income Tax Return, petitioners reported wage income of $94,775 and modified adjusted gross income (MAGI) of $86,312. On their 2014 income tax return petitioners did not report any APTC and did not attach to their return a Form 8962, Premium Tax Credit.[5]

---

[3]The record does not indicate the basis for the determination of petitioners' eligibility for APTC in 2014. The amount of the APTC is generally to be determined by the Secretary of Health and Human Services, in consultation with the Secretary of the Treasury, on the basis of the individual's household income for the most recent taxable year for which information is available. Patient Protection and Affordable Care Act, Pub. L. No. 111-148, sec. 1412(b)(1), 124 Stat. at 232 (codified at 42 U.S.C. sec. 18082(b)(1) (2012)).

[4]Petitioners' daughter, whom petitioners claimed as a dependent on their 2014 return, was also enrolled in a HealthNet medical insurance plan from March 1 through November 30, 2014. The total APTC attributable to the daughter's plan was about $990 for 2014.

[5]Line 46 of the 2014 Form 1040 states: "Excess advance premium tax credit
(continued...)

**[*4]** By notice of deficiency respondent disallowed petitioners' $6,090 APTC, giving rise to a deficiency of that same amount in petitioners' 2014 income tax liability.[6]

## OPINION

Section 36B allows a premium assistance tax credit (PTC) to subsidize the cost of health insurance purchased through a health insurance exchange by taxpayers meeting certain statutory requirements. See sec. 1.36B-2(a), Income Tax Regs. This provision was enacted as ACA secs. 1401 and 10105(a), 124 Stat. at 213, 906. The PTC is generally available to individuals with household incomes between 100% and 400% of the Federal poverty line. Sec. 36B(c)(1)(A), (d)(3)(B); see McGuire v. Commissioner, 149 T.C. __, __ (slip op. at 8-11) (Aug. 28, 2017) (providing a full discussion of eligibility requirements).[7] During 2014,

---

[5](...continued)
repayment. Attach Form 8962". The 2014 Form 1040 Instructions for line 46 state: "If advance payments of this credit were made for coverage for you, your spouse, or your dependent, complete Form 8962. If the advance payments were more than the premium tax credit you can claim, enter the amount, if any, from Form 8962, line 29."

[6]The notice of deficiency on which this case is predicated determined no deficiency with respect to the APTC paid for petitioners' daughter.

[7]The Federal poverty line amount is established by the most recently published poverty guidelines in effect on the first day of the open enrollment

(continued...)

[*5] for a three-person household, the Federal poverty line was $19,530, and 400% of the Federal poverty line was $78,120.

For the purpose of determining PTC eligibility, household income is generally defined as the MAGI of the taxpayer plus the MAGI of family members (1) for whom the taxpayer properly claims deductions for personal exemptions and (2) who were required to file a Federal income tax return under section 1. Sec. 36B(d); sec. 1.36B-1(d) and (e)(1), Income Tax Regs. For this purpose MAGI means adjusted gross income (AGI) increased by certain items not applicable here. Sec. 36B(d)(2)(B); see also sec. 62(a) (defining AGI).

Rather than require an eligible individual to wait until after filing a tax return to realize the benefit of the PTC, the ACA provides for the advance payment of the PTC if the individual qualifies under an advance eligibility determination. McGuire v. Commissioner, 149 T.C. at __ (slip op. at 11) (citing ACA sec. 1412(a)(3), 124 Stat. at 231-232 (codified at 42 U.S.C. sec. 18082 (2012))). The APTC is generally paid directly to the insurer. 42 U.S.C. sec. 18082.

---

[7](...continued)
period preceding the taxable year. Sec. 36B(d)(3); sec. 1.36B-1(h), Income Tax Regs.

**[\*6]** Sometimes circumstances change, and a taxpayer's actual annual income might turn out to be more or less than was estimated in making the eligibility determination for the APTC. In that event, the APTC paid on an individual's behalf must be reconciled with the PTC for which that individual is actually eligible for the taxable year. Sec. 36B(f). Any excess APTCs are then reflected as an increase in the individual's income tax liability for that taxable year. Sec. 36B(f)(2); see <u>McGuire v. Commissioner</u>, 149 T.C. at __ (slip op. at 12).

Petitioners did not attach a Form 8962 to their 2014 tax return, but in preparation for trial they provided respondent a completed Form 8962 for 2014. On the Form 8962 petitioners reported MAGI of $86,312 (which is the same amount of MAGI that they previously reported on their 2014 Form 1040) and excess APTC of $7,080.[8] Petitioners' MAGI of $86,312 for 2014 is greater than $78,120, 400% of the Federal poverty line amount applicable for the year in issue for a household size of three. <u>See</u> secs. 1, 36B(c)(1)(A), (d); sec. 1.36B-1(d), (e), (h), Income Tax Regs. Consequently, according to petitioners' own information on their Form 8962 they are ineligible for the PTC for taxable year 2014.

---

[8]The excess APTC reported on the Form 8962 includes both the $6,090 of APTC which was paid on their own behalf and $990 of APTC which was paid on their daughter's behalf.

[*7]   Nevertheless, petitioners assert that for purposes of determining their eligibility for the PTC, their 2014 household income should be reduced by the payments they made pursuant to the chapter 13 bankruptcy plan.  Although we are sympathetic to petitioners' situation, the law affords no relief in this circumstance. There is no evidence to show that the bankruptcy plan payments represent items that are properly taken into account in determining petitioners' MAGI.[9]  And absent a reduction in their MAGI there is no legal basis for reducing petitioners' household income for purposes of determining their PTC eligibility.  Although section 36B provides for certain <u>increases</u> to AGI for purposes of determining household income, it does not provide for any <u>decreases</u> to AGI for any purpose. <u>See</u> sec. 36B(d)(2)(B).  Consequently, petitioners are not entitled to reduce their household income by the amount of the bankruptcy plan payments.  In any event, even if we were to agree with petitioners that their household income should be reduced by the $300 of total bankruptcy plan payments they made during 2014, it would not change the outcome of this case--their MAGI would still be

_____

[9]For instance, petitioners have not contended and the evidence does not show that the bankruptcy plan payments represented payments, through the bankruptcy trustee, of items that are properly allowable as deductions in computing AGI under sec. 62.

**[*8]** significantly greater than $78,120, and so they still would be entitled to no PTC for 2014.[10]

Because petitioners do not qualify for the PTC for 2014, the $6,090 excess APTC payments made on their behalf are properly included in their 2014 tax liability. See sec. 36B(f)(1) and (2); sec. 1.36B-4(a)(1), Income Tax Regs. Accordingly, we sustain respondent's determination.

To reflect the foregoing,

Decision will be entered under

Rule 155.

---

[10]Petitioners made 12 monthly payments of $25 toward their bankruptcy plan in 2014 (12 × $25 = $300).